TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**Case No. 23-cv-03111**

-------------------------------------------------------------- x

MIN HUI LIN,
*on his own behalf and on behalf of others similarly situated*

         Plaintiff,

        v.

LEE'S HOUSE RESTAURANT INC
 d/b/a Lee's House
SEN LIN
 a/k/a Shen Lin; and
BAIQUN LIN

        Defendants.

-------------------------------------------------------------- x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**<u>COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

   Plaintiff Min Hui Lin (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants Lee's House Restaurant Inc d/b/a Lee's House; Sen Lin a/k/a Shen Lin; and Baiqun Lin (Hereinafter Collectively referred to as "Defendants"), and alleges as follows:

<u>**INTRODUCTION**</u>

   1.  This action is brought by the Plaintiff Min Hui Lin, behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and PAMWA and WPCL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and/or costs.

5.      Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee; and is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) overtime wages compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Eastern District of Pennslyvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8.     Plaintiff Min Hui Lin was employed by Defendants to work as a delivery driver at Defendants restaurant Lee's House located at 711 Long Lane Upper Darby, PA 19082.

## DEFENDANTS

### Corporate Defendants

9.     Defendant Lee's House Restaurant Inc is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 711 Long Lane Upper Darby PA 19082.

10.     Lee's House Restaurant Inc is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     Lee's House Restaurant Inc purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

12.     Sen Lin known as the incorporator of Lee's House Restaurant Inc and the owner and manager, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Lee's House Restaurant Inc.

13.     Sen Lin hired the plaintiff.

14.     Sen Lin provided plaintiff with his schedule and supervised him.

15.     Sen Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and regulations promulgated thereunder, and is jointly and severally liable with Lee's House Restaurant Inc.

16.     Baiqun Lin known as the incorporator of Lee's House Restaurant Inc and the owner and manager, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Lee's House Restaurant Inc.

17.     Baiqun Lin supervised plaintiff.

18.     Baiqun Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and regulations promulgated thereunder, and is jointly and severally liable with Lee's House Restaurant Inc

## STATEMENT OF FACTS

### Wage and Hour Claims

19.     Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

20.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

21.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

22.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

23.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

### *Plaintiff Min Hui Lin*

24.     From on or about December 10, 2021, to on or around January 14, 2023, plaintiff Min Hui Lin was employed by Defendants to work as a Delivery Driver at defendant's restaurant Lee's House located at 711 Long Lane Upper Darby PA, 19082.

25.     From on or around December 10, 2021, to on or around January 14, 2023, plaintiff Min Hui Lin worked from 11:30 am to 23:30 pm for twelve (12) hours per day four (4) days a week and from 11:30 am to 24:00 pm for twelve and a half (12.5) hours per day for two (2) days per week for a total of seventy-three (73) hours per week.

26.     At all relevant times plaintiff had three breaks that were ten (10) minutes each but even at those breaks he was on call meaning that should there be an order that comes in, plaintiff's break would stop and plaintiff would have to deliver the order to the customer.

27.     From on or around December 10, 2021, to December 31, 2021, plaintiff was paid a flat compensation rate of one thousand five hundred dollars ($1,500.00) per month.

28.     From on or around January 01, 2022, to January 31, 2022, plaintiff was paid a flat compensation rate of one thousand six hundred dollars ($1,600.00) per month.

29.     From February 1, 2022, to January 14, 2023, plaintiff was paid a flat compensation rate of one thousand seven hundred dollars ($1,700.00) per month.

30.     At all relevant times, plaintiff Min Hui Lin was not paid overtime pay for overtime work.

31.     At all relevant times, plaintiff was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

32.     Throughout his employment, plaintiff Min Hui Lin was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

33.     Throughout his employmentm plaintiff Ming Hui Lin was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

34.     Throughout plaintiff Min Hui Lin's employment, he had to bear the costs of a motor vehicle to complete the deliveries for the Defendants and he was not compensated for the maintenance or gas needed to operate the motor vehicle.

35.     Plaintiff Min Hui Lin would deliver on average 50 orders per day that were within a one (1) to three (3) mile radius from the store.

36.     Plaintiff would drive on average ninety (90) miles per day to complete deliveries for the defendants.

37.     Plaintiff was not compensated for the gas that he needed to use to drive and was not compensated for the maintenance of the car so he could keep delivering orders on behalf of the defendants.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

40.     All said persons, including Plaintiff, are referred to herein as the "Class."

41.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

42.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the

calculation of the number is presently within the sole control of the Defendants, upon

information and belief, there are more than forty (40) members of the class.

### *Commonality*

43.     There are questions of law and fact common to the Class which predominate

over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class within the meaning of the

PAMWA;

b.     Whether Plaintiff and Class members are promised and not paid at their

promised hourly wage under the PAMWA;

c.     Whether Plaintiff and Class members are entitled to and paid overtime at their

promised hourly wage under the PAMWA;

d.     Whether Defendants provided paystubs detailing the rates of pay and credits

taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

e.     At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

### *Typicality*

44.     Plaintiff's claims are typical of those claims which could be alleged by any

member of the Class, and the relief sought is typical of the relief that would be sought by each

member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or

overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefitted from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiff and other Class members sustained similar losses,

injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

45.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

46.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47.     Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of 29 U.S.C. §206—Failure to Pay Minimum Wage Brought on Behalf of The Plaintiff and the Collective]**

48.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

50.     At all times during plaintiff Ming Hui Lin's employment, plaintiff's flat compensation that he earned hourly did not amount to the federal minimum wage.

51.     Section 216, subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

52.     Defendants knowingly, willfully and maliciously disregard the provisions of the FLSA by failing to pay plaintiff Ming Hui Lin at least the minimum wage.

## COUNT II.
### [Violation of Pennsylvania Code §231.21 and Pennsylvania Statute P.S. §333.104—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

53.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54.     Pennsylvania Code §231.21 states that, "(a) Every employee shall pay the minimum wage rate specified in section 4(a) of the act (43 P. S. § 333.104(a)) subject to exclusions and exemptions as provided in the act and in this chapter. (b)  The minimum wage shall be paid for hours worked, regardless of the frequency of payment and regardless of whether the wage is paid on an hourly, salaried, or commissioned, piece rate, or any other basis. Where an employee works off the premises of the employer under circumstances which prevent adequate supervision by the employer, or in the case of a residential employee, the Secretary will approve any reasonable agreement between the employer and employee for determining hours worked."

55.     Pennsylvania Statute § 333.104(a) states that, 'Every employer shall pay to each of his or her employes wages for all hours worked at a rate of not less than: (1) Two dollars sixty-five cents ($2.65) an hour upon the effective date of this amendment. (2) Two dollars

ninety cents ($2.90) an hour during the year beginning January 1, 1979. (3) Three dollars ten

cents ($3.10) an hour during the year beginning January 1, 1980. (4) Three dollars thirty-five

cents ($3.35) an hour after December 31, 1980. (5) Three dollars seventy cents ($3.70) an hour

beginning February 1, 1989. (6) Five dollars fifteen cents ($5.15) an hour beginning September

1, 1997. (7) Six dollars twenty-five cents ($6.25) an hour beginning January 1, 2007. (8) Seven

dollars fifteen cents ($7.15) an hour beginning July 1, 2007. (a.1) If the minimum wage set forth

in the Fair Labor Standards Act of 1938 (52 Stat. 1060, 29 U.S.C. § 201 et seq.) is increased

above the minimum wage required under this section, the minimum wage required under this

section shall be increased by the same amounts and effective the same date as the increases

under the Fair Labor Standards Act, and the provisions of subsection (a) are suspended to the

extent they differ from those set forth under the Fair Labor Standards Act.'

56.     At all times during plaintiff Min Hui Lin's employment, his flat compensation

that he received if deduced to hourly pay did not amount to the minimum wage in the State of

Pennsylvania.

57.     Pennsylvania Code §231.12 states that, an employer or his agent or the officer

or agent of a corporation who violates this chapter or who interferes with the Secretary in the

enforcement of this chapter shall, upon conviction, be punished in accordance with section 12(c)

of the act (43 P. S. § 333.112(c)).

58.     Pennsylvania Statues Title 43 P.S. §333.113 states, 'If any employe is paid by

his or her employer less than the minimum wages provided by section 4 of this act 1 or by any

regulation issued thereunder, such worker may recover in a civil action the full amount of such

minimum wage less any amount actually paid to the worker by the employer, together with

costs and such reasonable attorney's fees as may be allowed by the court, and any agreement

between the employer and the worker to work for less than such minimum wage shall be no defense to such action...'

59.     Defendants knowingly, willfully and maliciously disregard the provisions of the Pennsylvania Code and Pennsylvania Statue by failing to pay plaintiff Ming Hui Lin at least the minimum wage.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

62.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

63.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

64.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

66.    Defendants willfully and maliciously failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

67.    Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of Pennsylvania Minimum Wage Act—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]

68.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.    Under the PAMWA Article 43, §§333.105(a)-(c), et seq, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiff and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

70.    During all the weeks that plaintiff Min Hui Lin worked more than forty (40) hours he was not paid one and one half (1.5) his hourly rate.

71.    Pennsylvania Code §231.12 states that, an employer or his agent or the officer or agent of a corporation who violates this chapter or who interferes with the Secretary in the enforcement of this chapter shall, upon conviction, be punished in accordance with section 12(c)

of the act (43 P. S. § 333.112(c)).

72.     Pennsylvania Statues Title 43 P.S. §333.113 states, 'If any employe is paid by his or her employer less than the minimum wages provided by section 4 of this act 1 or by any regulation issued thereunder, such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage shall be no defense to such action…'

73.     Defendants knowingly, willfully and maliciously disregard the provisions of the Pennsylvania Code and Pennsylvania Statue by failing to pay plaintiff Ming Hui Lin at least the overtime wage.

**COUNT V.**
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

76.     Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of her electricity delivery bicycle.

77.     The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

78.     Plaintiff purchased, maintained and repaired the electric bicycle at her own expense.

79.     Plaintiff performed these deliveries for the sole benefit of the Defendants.

80.     Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

81.     As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

82.     Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

83.     Defendants owe Plaintiff her overdue costs of delivery vehicles, costs of gas and costs of maintenance.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

       b)      Certification of this case as a collective action pursuant to FLSA;

       c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

       d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and PAMWA;

       e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

       f)      An award of unpaid minimum wage and overtime wages due under FLSA and PAMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) under PA Wage Payment and Collection Law.

       g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

       h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and PA S.B. 73;

i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 6% simple prejudgment interest provided by WPCL, post-judgment interest, and attorney fees and costs;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees;

l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: August 12, 2023
        Flushing, New York

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ Tiffany Troy
Tiffany Troy