IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIN HUI LIN**, *on his own behalf and on behalf of others similary situated*<br><br>v.<br><br>**LEE'S HOUSE RESTAURANT, INC., SEN LIN, BAIQUN LIN** | **CIVIL ACTION**<br><br>**NO. 23-3111** |

<u>**MEMORANDUM RE: MOTION FOR CONDITIONAL CERTIFICATION**</u>

**Baylson, J.**                                                                                                                      **May 23, 2024**

From December 2021 through January 2023, Plaintiff Min Hui Lin was a "Delivery Driver" for Defendant, Lee's House Restaurant. ECF 1 at ¶ 24. Plaintiff alleges that he worked twelve or more hours per day, six days per week. <u>Id.</u> at ¶ 25. Plaintiff further alleges that he was paid a flat, monthly compensation, which increased marginally each year. <u>Id.</u> at ¶ 27.

Plaintiff filed this Complaint on August 12, 2023, bringing minimum wage and overtime claims under (1) the FLSA, (2) the PMWA, and (3) the WPCL. ECF 1.

Plaintiff now seeks conditional collective action certification under 29 U.S.C. § 216(b). ECF 20. Specifically, Plaintiff seeks to certify a collective action of "all nonexempt current and former employees of Defendants who performed work as nonexempt, non-managerial employees from August 12, 2020 to present." ECF 20-1 at 1.

I. **BACKGROUND**

In connection with this motion, Plaintiff has submitted an affidavit describing the hours and compensation for several other alleged coworkers:

- A "Fry Wok" named Yang

- A "Fry Wok Assistant" named Huang

- An "Oil Wok" named Lin (male)

- A "Receptionist and Packer" named Lin (female)
- A "Delivery" person named Charles

ECF. 20-3. For each person on this list, Plaintiff avers that he knows the coworker's relevant hours and compensation because Plaintiff "work[ed]" and "talk[ed]" with these other alleged employees. Id. Plaintiff has submitted no other evidence in support of his motion. Indeed, as far as the Court is aware, the record contains no first-hand information regarding hours or compensation for any of the coworkers that Plaintiff has identified.[1]

## II. DISCUSSION

Courts in this circuit follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA. Zavala v. Wal–Mart Stores Inc., 691 F.3d 527, 535 (3d Cir. 2012). Applying a "fairly lenient standard" at the first step, a district court makes a preliminary determination as to whether the named plaintiffs have made a "modest factual showing" that the employees identified in their complaint are "similarly situated." Id. at 536 & n.4. If the plaintiffs have satisfied their burden, the court will "conditionally certify" the

---

[1] That said, Plaintiff recently filed a "motion to compel defendants for supplemental discovery responses" and an "extension of time to complete discovery," ECF 29, which this Court granted on May 13, 2024, ECF 35. Thus, discovery may reveal additional relevant information. For three reasons, however, such future discovery has no bearing on Plaintiff's present, fully briefed motion for conditional certification. Firstly, Plaintiff has requested that this Court decide this motion now, as Plaintiff views the pending motion as an impediment to future settlement discussions. ECF 23. Secondly, to the extent Plaintiff argues—in view of this Court recently granting the discovery extension—that such potential additional discovery could bolster Plaintiff's present motion, Plaintiff offers no reason why he could not have first sought to resolve his motion to compel before filing the motion for conditional certification. Thirdly, had Plaintiff waited until the end of discovery to move for certification, this may have forced this Court to instead treat any such filing as a motion for final certification. See Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013). Yet, Plaintiff expressly contends that would be the incorrect standard to apply in resolving this motion. And, as explained below, this Court agrees, largely because discovery remains ongoing.

collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. Id. at 536.

The Third Circuit has commented that "[w]hile conditional certification is discretionary, the Supreme Court has recognized its importance." Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224 (3d Cir. 2016). Namely, a "district court's early intervention in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of a multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action." Id.

At the second stage, with the benefit of discovery, "a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013); see also Symczyk v. Genesis Healthcare Corp., 2010 WL 2038676, at *1 (E.D. Pa. May 19, 2010) (Baylson, J.), rev'd on other grounds, 656 F.3d 189 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013). This step may be triggered by the plaintiffs' motion for "final certification," by the defendants' motion for "decertification," or, commonly, by both. If the plaintiffs succeed in carrying their heavier burden at this stage, the case may proceed on the merits as a collective action. Id.

Here, because some discovery has already occurred, the parties disagree as to whether Plaintiff's motion should be subject to the more "lenient" first step analysis, or the "stricter" second step analysis. ECF 20-6 at 11; ECF 22 at 5.

Defendants assert that because discovery closed on February 28, 2024, ECF 17, this Court must construe Plaintiff's motion as one for final certification. ECF 22 at 5. Yet, as noted

above, this Court recently extended the discovery deadline through June. ECF 35. As such, this Court is inclined to treat the present motion as one for conditional certification.

Ultimately though, this threshold dispute is irrelevant to resolving the motion. Why? Because—as Defendants persuasively argue—Plaintiff's lone affidavit "is mere hearsay, lacking factual assertions to justify Plaintiff's claims." ECF 22 at 4. Indeed, numerous courts within this Circuit and around the country have denied conditional certification in very similar circumstances. See, e.g., Wright v. Lehigh Valley Hosp., 2010 WL 3363992, at *4 (E.D. Pa. Aug. 24, 2010) ("this affidavit is rife with inadmissible hearsay and only admissible evidence may be considered when deciding an FLSA conditional class certification motion").[2]

---

[2] See also Huang v. Bai Wei LLC, 2023 WL 5243364, at *6 n.9 (E.D. Pa. Aug. 14, 2023) ("That is not to say that Mr. Huang could have salvaged the supplemental affidavit by alleging statements that his erstwhile co-workers had made about their overtime compensation because 'only admissible evidence may be considered in deciding a motion for conditional class certification'—so hearsay would not be considered in any event"); Kuznyetsov v. W. Penn Allegheny Health Sys., Inc., 2009 WL 1515175, at *3-4 (W.D. Pa. June 1, 2009) ("Since the information contained in the affirmations relating to 'other employees' is not based on personal knowledge, the evidence is inadmissible hearsay. As a result, [the Court] will not consider the hearsay statements contained therein"); Goldstein v. Children's Hosp. of Philadelphia, 2012 WL 5250385, at *5 (E.D. Pa. Oct. 24, 2012) ("She provided no direct evidence in her declaration that other employees were similarly situated to her with respect to CHOP's policies and practices, nor is there any evidence of opt-ins despite 10 months of discovery. Plaintiff's declaration refers only to knowledge which she has gleaned from her 'experience working with, talking to and observing my co-workers during the relevant period,' causing her to 'believe that [d]efendant's other employees were subjected to the same [pre-shift, meal break or post-shift work] policies and practices, and affected the same way by them.'"); Stanislaw v. Erie Indem. Co., 2009 WL 426641, at *2 (W.D. Pa. Feb. 20, 2009) (denying conditional certification where "[t]he only evidence offered by Plaintiff concerning similarly situated employees is contained in his affidavit"); Harrison v. McDonald's Corp., 411 F.Supp.2d 862, 866 (S.D. Ohio 2005) ("The Court finds that hearsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of determining whether other employees are similarly situated."); Xin Li v. Chinese Bodyworks, Inc, 2020 WL 468344, at *3 (D.N.J. Jan. 27, 2020) ("With respect to her knowledge about the specific compensation of the named co-workers, Plaintiff's allegations are similarly unpersuasive, because each contains the same sort of blanket assertion without factual support or is based on inadmissible hearsay."); Dreyer v. Altchem Environmental Services, Inc., 2007 WL 7186177, at 83 (D.N.J.2007) ("courts will not consider affidavits that

4

Further, even if this Court were to consider Plaintiff's affidavit, the Court is simply not convinced it satisfies the "modest factual showing" standard. Under this test, the inquiry is "ad-hoc" and holistic, with courts typically asking whether "plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." Zavala, 691 F.3d at 536-37.

Here, the record reveals a number of dissimilarities that weigh against certification. First, and perhaps most importantly, Plaintiff's own affidavit makes clear he seeks to certify a collective of several different categories of employees. ECF 20-3. Some were drivers. Id. Others were Woks. Id. Others were "packers" or worked the front of the restaurant. Id. Those distinct categories seemingly create differentiated issues as to whether—even in the first instance—each type of worker was an employee at all, and therefore subject to the FLSA.

Second, while Plaintiff's affidavit indicates that each of these types of workers—regardless of category—were paid flat monthly rates, ECF 20-3, Defendants' affidavit states precisely the opposite. ECF 22-1. According to Defendants, "certain employees are compensated through a fixed salary, while others are paid an hourly rate" and "the earnings of some employees are augmented by customer tips, whereas others, due to the nature of their roles not requiring direct customer interaction, do not receive tips." Id. at ¶¶ 10-11. And because Defendants were responsible for determining and paying these wages, this declaration is first-hand knowledge and therefore not hearsay. This, in turn, undermines Plaintiff's core assertion regarding the "nexus" between the alleged class members. In other words, Defendants' affidavit belies Plaintiff's blanket attempt to argue—via hearsay—that every employee worked the same

---

are not founded on personal knowledge"); Ulysse v. Divosta Bldg. Corp., 2006 WL 3618449, at

number of hours under a similar pay structure. Once that broad alleged nexus disappears, little remains in the record to suggest that these varied restaurant workers constitute a collective.³

Lastly, the Court notes that in Plaintiff's reply brief, Plaintiff entertains the possibility of an "intermediate" standard for conditional certification. ECF 28 at 7-8. Plaintiff raises this not because Plaintiff believes it actually applies here, but as an alternative to Defendants' assertion that discovery in this case has converted Plaintiff's motion into one for final certification. In so doing, Plaintiff directs this Court to cases like <u>Sloane v. Gulf Interstate Field Servs., Inc.</u>, where Judge Brann of the Middle District concluded that "district courts in this circuit have applied an intermediate standard to the 'similarly situated' inquiry if the parties have already engaged in discovery." 2017 WL 1105236, at * 6 (M.D. Pa. Mar. 24, 2017). Under that standard, a plaintiff must make "<u>some factual showing</u> that the similarly-situated requirement is satisfied," "as a result of the discovery as measured against the original allegations and defenses." <u>Id</u>.

This final argument does nothing to alter the Court's conclusion. Given that Plaintiff has not satisfied the more lenient "modest factual showing" standard, Plaintiff also cannot satisfy the more demanding "some factual showing" standard.

---

*2 (S.D.Fla.2006) (hearsay in plaintiff's affidavit disregarded).

³ The Court separately notes that—at oral argument on May 13, 2024—Defendants conveyed to the Court that although Defendants understood their legal obligation to keep records regarding employee hours and compensation, those records simply do not exist. Nonetheless, the Parties agreed to continue to confer about the existence of any such records through the new discovery deadline. ECF 35. If, after the close of discovery, Defendants have still failed to produce records they were legally obligated to possess, that failure may heavily influence the Court's final certification analysis. As the Court noted in its May 13, 2024 Order, "a failure to product documents requested and identified during these depositions may be subject to sanctions, including, but not limited to, adverse inferences regarding the contents of identified but unproduced documents." <u>Id</u>. Likewise, at oral argument, the Court raised the possibility of requiring Defendants to hire an expert to recreate any missing records.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification is **DENIED**.  In so denying, the Court notes that "denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action," as certification may be "revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action."  <u>Halle</u>, 842 F.3d at 224-25.  An appropriate **ORDER** follows.

O:\CIVIL 23\23-3111 Lin v Lees House Restaurant\23cv3111 Memo 05222024.doc