**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIN HUI LIN**<br>*Plaintiff*<br>     **v.**<br><br>**LEE'S HOUSE RESTAURANT, INC.,<br>SEN LIN, BAIQUN LIN**<br>*Defendants*. | **CIVIL ACTION**<br><br>**NO. 23-3111** |

<u>**MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT**</u>

**Baylson, J.**                                                   **November 18, 2025**

## I.   <u>INTRODUCTION</u>

In this action, Plaintiff Min Hui Lin alleges that Lee's House Restaurant Inc. ("Lee's House") and its owners Sen Lin and Baiqun Lin (collectively, "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*, due to Defendants' failure to pay him minimum wage and overtime compensation.  Compl., ECF 1.  Presently before the Court is Defendant Baiqun Lin's Motion for Summary Judgment.  Def.'s Mot. for Summ. J. "Mot.," ECF 91.  For the reasons set forth below, Defendant Baiqun Lin's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

## II.   <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Defendant Lee's House is a restaurant located in Upper Darby, Pennsylvania. Compl. ¶ 8. Plaintiff worked as a delivery driver at Lee's House from December 10, 2021, to January 14, 2023. <u>Id.</u> ¶ 24.  During Plaintiff's employment, Lee's House was owned by Defendant Sen Lin and his father, Defendant Baiqun Lin.  Lee's House Shareholders Agreement, Ex. 4 to Pl.'s Opp. to Summ. J. "Opp.," ECF 96.

Plaintiff filed the Complaint on August 12, 2023, asserting that Defendants violated the FLSA, PMWA, and PWPCL due to Defendants' failure to pay Plaintiff minimum wage and overtime compensation as required by the FLSA and PMWA.  Compl. ¶ 1–2.  Plaintiff also brought a claim for "Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs."  Id. ¶ 81–83.

Plaintiff brought the FLSA claims on behalf of himself and as a collective action.  Id. ¶ 38. Plaintiff brought all other state law claims on behalf of himself and as a Rule 23 class action.  Id. ¶ 39.  Plaintiff never moved for class certification on the class action claims.  ECF 84.  As such, the Court dismissed Plaintiff's class action claims on August 13, 2025.  Id.  Plaintiff moved for conditional collective certification on March 13, 2024.  ECF 20.  The Court initially denied preliminary collective certification on May 23, 2024 because Plaintiff had only provided hearsay evidence at that time.  ECF 40.  During a September 11, 2024 conference, the Court orally granted conditional collective certification, ECF 59, followed by an Order, ECF 60.  On June 25, 2025, the Court Ordered the parties to file any motions regarding final collective certification by July 15, 2025.  ECF 80.  Neither party filed such a motion.  On August 13, 2025, the Court denied final collective certification. ECF 84.  Thus, the case proceeds solely with respect to Plaintiff Min Hui Lin.

Defendant Baiqun Lin filed a Motion for Summary Judgment on September 5, 2025.  Mot., ECF 91.  Plaintiff filed a Response on October 16, 2025.  Opp., ECF 96.  Defendant Baiqun Lin filed a Reply on October 25, 2025.  Def.'s Reply in Support of Summ. J. "Reply," ECF 97. Defendant Baiqun Lin argues that he was not Plaintiff's "employer" under the FLSA, PMWA, or PWPCL and thus cannot be held liable for violations of these laws.  Mot. at 1.  Further, Defendant Baiqun Lin argues that Plaintiff's implied contract claim fails as a matter of law.  Id. at 11.  In

opposition, Plaintiff argues that questions of material fact remain as to whether Defendant Baiqun Lin was Plaintiff's employer under the applicable laws.  Opp. at 1.

## III.  <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  <u>Id</u>.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  <u>Id</u>. at 325.  After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed."  Fed. R. Civ. P. 56(c)(1).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  <u>Anderson</u>, 477 U.S. at 255.

IV.    **DISCUSSION**

A. **Factual Dispute Exists as to Whether Defendant Baiqun Lin was Plaintiff's Employer under the FLSA and PMWA**

The FLSA require "employers" to pay employees proper minimum wage and overtime compensation. 29 U.S.C. §§ 206, 207. The PMWA requires employers to pay employees an hourly rate of "not less than . . . the minimum wage set forth in the Fair Labor Standards Act . . . ." 42 P.S. § 333.104. The PMWA overtime requirement also mirrors the FLSA. Id. "The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The PMWA defines an "employer" as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee." 42 P.S. § 333.103(g). Because of the similarities between the FLSA and the PMWA, "[t]he analyses for determining whether individuals are deemed employers are the same under the FLSA and the PMWA." Bansept v. G&M Auto., 557 F. Supp. 3d 584, 592 (E.D. Pa. 2021) (Surrick).

The FLSA defines an employer "expansively," and with "striking breadth." In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig., 683 F.3d 462, 467 (3d Cir. 2012) (quoting Nationwide Mut. Ins. C. v. Darden, 503 U.S. 318, 326 (1992) and Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)). An employee can hold more than one employer jointly liable for FLSA violations when multiple employers share control of the employee. Bansept, 557 F. Supp. 3d at 592. To determine whether an individual supervisor had sufficient control over an employee to be held liable as an employer under the FLSA, courts evaluate the "'economic reality' of the employment situation, examining whether the individual supervisor carried out of the functions of an employer with respect to the employee." Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 417 (3d Cir. 2012). "Ultimate control is not necessarily required to find

an employer-employee relationship under the FLSA, and even 'indirect' control may be sufficient. In other words, the alleged employer must exercise 'significant control.'" <u>Enterprise</u>, 683 F.3d at 468 (quoting <u>N.L.R.B. v. Browning-Ferris Indus. of Pennsylvania, Inc</u>., 691 F.2d 1117, 1124 (3d Cir. 1982)).

Factors to consider are whether the alleged employer had "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." <u>Enterprise</u>, 683 F.3d at 469. The <u>Enterprise</u> factors provide a useful analytical framework for a district court's analysis but are not exhaustive of all potentially relevant facts. <u>Goh v. Nori O Inc.</u>, 2020 WL 7640518, at *3 (D.N.J. Dec. 23, 2020).

Defendant argues that he did not have authority to carry out any of the four <u>Enterprise</u> factors. Mot. at 6. Defendant contends that his son, Defendant Sen Lin, "alone exercised the operational and payroll authority." <u>Id.</u> at 8. Defendant Baiqun Lin testified that his role at Lee's House was that of a "line-level employee (sauce preparation/errands) with no managerial powers." <u>Id.</u>

However, the record contains facts that dispute this characterization. Plaintiff testified that he witnessed Defendant Baiqun Lin hire a stir fry cook or "fry wok" employee at Lee's House. Pl. Dep. Tr. 154: 5–8, Ex. 5 to Opp., ECF 91. Plaintiff also testified that while Defendant Sen Lin managed his work as a delivery driver, it was Defendant Baiqun Lin who managed him in the kitchen in his secondary role of peeling shrimp. <u>Id.</u> at 103:18–20. Plaintiff further testified that Defendant Baiqun Lin paid Plaintiff his compensation, with Defendant Sen Lin handing Plaintiff his compensation only one or two times. <u>Id.</u> at 92:14–15.

At this stage, a genuine dispute of material fact exists as to whether Defendant Baiqun Lin exercised significant control over Plaintiff to be considered his employer under the FLSA and PMWA. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . The evidence of non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. The conflicting deposition testimony in this case requires a factfinder to make credibility determinations and weigh evidence in order to decide whether Defendant Baiqun Lin possessed authority to carry out the four Enterprise factors.

Based on the record evidence, the Court is satisfied that a genuine dispute of material fact exists as to whether Defendant Baiqun Lin qualifies as Plaintiff's employer under the FLSA and PMWA. As such, the Court denies summary judgment as to the FLSA and PMWA claims.

### B. Defendant Baiqun Lin is Not an Employer under the PWPCL

The PWPCL was enacted to provide a vehicle for employees to enforce payment of compensation that they are entitled to but has been withheld by their employers. Hartman v. Baker, 766 A.2d 347, 352 (2000). The PWPCL defines the term "employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a. For an employee to hold an "agent or officer" personally liable for unpaid wages under the PWPCL, "evidence of an active role in decision making is required." Mohney v. McClure, 568 A.2d 682, 686 (1990), aff'd, 604 A.2d 1021 (1992). A plaintiff must show that the individual "was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation." Int'l

Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid–Atl. Promotions, Inc., 856 A.2d 102, 106 (2004).

The record does not include evidence that Defendant Baiqun Lin was a corporate policy maker or decision maker at Lee's House on matters of pay or compensation. Plaintiff testified that Defendant Sen Lin conducted his phone interview, hired him, and set his work responsibilities, schedule, and rate of compensation. Pl. Dep. Tr. 58:3–19, 59:3–13, 60:10–19. Plaintiff's deposition testimony that Defendant Baiqun Lin oversaw his work shrimp peeling and physically handed him his compensation does not provide evidence that Defendant Baiqun Lin took an active role in decision making on matters of pay or compensation.

Based on the record evidence, the Court is satisfied that no genuine dispute of material fact exists as to whether Defendant Baiqun Lin qualifies as Plaintiff's employer under the PWPCL. As such, the Court grants summary judgment in favor of Defendant Baiqun Lin as to the PWPCL claim.

### C.  Breach of Implied Contract Claim Fails as a Matter of Law

An implied-in-fact contract is a true contract arising from mutual agreement and intent to promise that has not been verbally expressed. Baer v. Chase, 392 F.3d 609, 616 (3d Cir. 2004). Rather, the agreement is inferred from the conduct of the parties. Id. Here, no implied contract was formed between Plaintiff and Defendants. There exists no conduct in the record to infer that Defendants intended or agreed to reimburse Plaintiff for the expenses of his electric delivery vehicle. As Plaintiff argues in his Response, the electric vehicle expenses may be relevant to his minimum wage and overtime claims as "tools of the trade expenses" under the FLSA. Opp. at 18. However, they do not survive summary judgment as a stand-alone breach of contract claim.

V.    <u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Baiqun Lin's Motion for Summary Judgment is **GRANTED** as to Plaintiff's PWPCL and breach of implied contract claims. Defendant Baiqun Lin's Motion for Summary Judgment is **DENIED** as to Plaintiff's FLSA and PMWA claims. An appropriate **ORDER** follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 23\23-3111 lin v lees house restaurant\23-3111 memo re motion for summary judgment.docx